■ Esther York, Appellant, v Joseph York, Respondent. [682 NYS2d 901] —In an action, *inter alia*, for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 8, 1997, as granted that branch of the defendant's motion which was to vacate a judgment entered June 2, 1997, in favor of her and against the defendant in the sum of $71,508.12.

Ordered that the order is reversed insofar as appealed from, with costs, the branch of the defendant's motion which was to vacate the judgment is denied, the amended judgment of the same court entered February 18, 1998, and entered upon the order appealed from, is vacated, and the judgment entered June 2, 1997, is reinstated.

A judgment in the sum of $71,508.12 was entered on June 2, 1997, representing support arrears and counsel fees, plus interest, owed by the defendant to the plaintiff. The Supreme Court then granted the defendant's motion to vacate the judgment, finding it to be excessive in the amount of $25,000. On February 18, 1998, an amended judgment was entered in favor of the plaintiff and against the defendant in the sum of $42,204 ($71,508.12 minus $25,000, and minus interest).

Once embodied in a judgment, the defendant could not seek a reduction of these arrears (*see,* Domestic Relations Law § 244; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244, at 753). Thus, the Supreme Court erred in granting the defendant's motion to vacate the judgment, and in entering an amended judgment in the reduced sum of $42,204.

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.